**HELVERING, Commissioner of Internal Revenue, v. KIMBERLY.**

No. 4301.

Circuit Court of Appeals, Fourth Circuit.

June 6, 1938.

434

Frederic G. Rita, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and J. Louis Monarch and A. F. Prescott, Sp. Assts. to Atty. Gen., on the brief), for petitioner.

Louis Quarles, of Milwaukee, Wis. (R. S. Doyle, of Washington, D. C., and Maxwell H. Herriott, of Milwaukee, Wis., on the brief), for respondent.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

## PER CURIAM.

This appeal involves a deficiency in gift taxes in the sum of $12,896.25 for the year 1934 under the Revenue Act of 1932, 47 Stat. 169. The question is whether the Board of Tax Appeals in determining the value of shares of stock which constituted the subject matter of certain gifts, was justified in considering the size of the block of stock transferred, or whether, on the other hand, the Board was obliged to follow the provisions of Treasury Regulations 79, Article 19, promulgated under the Revenue Act of 1932 which requires that the value in such cases is to be determined by ascertaining the market value of a single share of stock without considering what the whole block of shares would fetch if placed upon the market at one and the same time.

On September 20, 1934 James C. Kimberly, a resident of Washington, D. C., made three gifts of 10,000 shares each of the common stock of Kimberly-Clark Corporation of Neenah, Wisconsin; and on the same date he made three gifts of 6,000 shares each of the common stock of International Cellucotton Products Corporation. The amount of common stock of Kimberly-Clark Corporation outstanding in 1934 was 487,173 shares. It was listed on the New York Stock Exchange but during this year only 10,200 shares were dealt in, of which 6,200 shares changed hands prior to September. The daily sales during the months of June to September at no time exceeded 300 shares. The taxpayer returned the stock at a valuation on September 20, 1934 of $10.25 per share. The Commissioner of Internal Revenue determined the value at $12.12½ per share based on a sale of 100 shares at that price on the New York Stock Exchange on the day of the gifts. The Board of Tax Appeals found a value of $10 per share, taking into consideration the estimates of value of qualified witnesses and their opinion that 30,000 shares could not have been sold on the Exchange or otherwise at the prices realized for a few shares on the day of the gift.

The amount of common stock of the International Cellucotton Products Company outstanding on July 1, 1934 was 294,152 shares and on December 27, 1934, 295,653 shares. During the calendar year it was not listed or dealt in upon any stock exchange. It was, however, dealt in over the counter, less than 6,000 shares being transferred on the books of the company in that year in transactions involving small amounts of the stock. During the period from June 1 to December 31, 1934 the records of brokerage houses showed that on August 4, 1934, $9.50 was bid and $10.50 was asked, and on September 20, 1934, $14 was bid and $16 was asked. The taxpayer returned the stock at $11 per share. The Commissioner determined the value at $15 per share, the mean between the bid, and asked prices on the day of the gifts. The Board found a value of $11 per share, being convinced by the estimates of experts and their testimony that the 18,000 shares given by the taxpayer on September 20, 1934 did not have a value represented by the mean between the bid and asked prices for a few shares on that date.

The evidence as to the value of the two kinds of stock was uncontradicted. It was given by persons with long experience as investment brokers who were familiar with the capital structure, the earnings and the stock transactions of the corporations. They qualified as experts and their testimony furnished a substantial basis for the findings of value by the Board. That it is proper in such a case to give weight to opinions of this sort, notwithstanding the restrictive provisions of the regulations, we decided in an opinion handed down on April 5, 1938 in the case of Helvering v. Safe Deposit & Trust Co. of Baltimore, Executor of Henry Walters, 4 Cir., 95 F.2d 806, where a discussion of the matter will be found.

The Commissioner now makes the point, seemingly as an afterthought, that the evidence of the witnesses should not have been accepted because they fixed their estimates of value of the Kimberly stock

with reference to a block of 30,000 shares instead of three blocks of 10,000 shares each, and their estimates of value of the International stock with reference to a block of 18,000 shares instead of three blocks of 6,000 shares each. In so doing they merely followed the method of the Commissioner who valued the gifts as a whole and not separately. No objection on this score was made at the hearing before the Board. It is difficult to believe that the sale of three blocks of 10,-000 shares each would have had a different effect from a sale of one block of 30,-000 shares, and there is no reason to believe that the estimates of the experts would have been different if their attention had been specifically called to the point.

Affirmed.